USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 17 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

RAFAEL RUA-CAMPUSANO,

                       Plaintiff,

      -against-

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                       Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 7087 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Rafael Rua-Campusano brings this action against Defendant the Commissioner of Social Security under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of administrative law judge Paul R. Armstrong's decision (the "ALJ Decision") denying Plaintiff disability benefits. (Complaint, ECF No. 1, at 1–2.) Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Pl.'s Notice of Mot. for J. on the Pleadings, ECF No. 14; Def.'s Notice of Mot., ECF No. 20.)

      Before this Court is Magistrate Judge Sarah L. Cave's December 10, 2021 Report and Recommendation (the "Report"), recommending that Plaintiff's motion be granted, Defendant's motion be denied, and the matter be remanded for further proceedings. (Report, ECF No. 28, at 9.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections were filed. Having reviewed the Report for clear error, this Court adopts the Report in full. Plaintiff's motion for judgment on the pleadings is GRANTED. Defendant's motion is DENIED.

## I.   LEGAL STANDARDS

### A.   Report and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

### B.   Rule 12(c) Judgment on the Pleadings

A motion for judgment on the pleadings should be granted if the pleadings make clear that the moving party is entitled to judgment as a matter of law. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) However, the Court's review of the Commissioner's decision is limited to an inquiry into whether the correct legal standards were applied and whether there is substantial evidence to support the findings of the Administrative Law Judge ("ALJ"). *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). Substantial evidence is more than a mere scintilla. *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). It requires the existence of "relevant evidence as a reasonable mind might accept as adequate to support a conclusion," even if there exists contrary evidence. *Id.* (citing *Richardson v. Perales*, 402 U.S. 389 (1971)). This is a "very deferential standard of review." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012

## II.   THE ALJ'S DECISION IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

ALJ Armstrong found that Plaintiff had affective disorder and anxiety, but that his impairments were not sufficiently severe to meet or medically equal the listed impairments under

the statute. (Report at 16-17.) The ALJ found that Plaintiff had a residual functional capacity "to perform a full range of work at all exertional levels but [he could] have no more than occasional contact with supervisors, co-employees, and the general public" (*Id.* at 16.) Regarding the opinions of medical providers in the record, the ALJ found that the opinions of Drs. Hector Coll-Ruiz, Elizabeth Kronk, and James Ellis, were contradicted by Plaintiff's medical examinations between February 2016 and May 2018, (Report at 17). The ALJ did not make any specific findings as to the medical opinion of Dr. M. Juriga, who found that Plaintiff "retained the ability to perform unskilled work in a low contact setting" and was not disabled. (Report at 13.)

Magistrate Judge Cave appropriately concluded that the ALJ's decision did not sufficiently explain the decision, and therefore remand for further clarification is warranted. The ALJ's decision did not discuss the persuasiveness of conflicting medical opinions in the record regarding Plaintiff's impairments. (Report at 29.) Pursuant to federal regulations, ALJs are required to consider all medical opinions in the record and evaluate their persuasiveness based on supportability and consistency. 20 C.F.R. § 416.920c(a)–(c)(1)–(5). The ALJ must explain his approach with respect to supportability and consistency when considering a medical opinion. *Vellone v. Saul*, No. 20-cv-261 (RA)(KHP), 2021 WL 319354, at *1 (S.D.N.Y. Jan. 29, 2021), 2021 WL 2801138 (S.D.N.Y. July 6, 2021). As Magistrate Judge noted, the ALJ's decision did not discuss the supportability of the medical opinions in the record. (Report at 29.) Nor did the decision indicate which, if any, medical opinions were persuasive. Accordingly, the ALJ's decision did not sufficiently explain the persuasiveness of the medical opinions in the record.

The Magistrate Judge also concluded that remand for further proceedings is warranted. Remand to the ALJ is appropriate "[w]hen there are gaps in the administrative record or the ALJ

3

has applied an improper legal standard." *Atkinson v. Barnhart*, 87 F. App'x 766, 768 (2d Cir. 2004) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) ). Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision. *Pratts*, 94 F.3d at 39. As the ALJ's decision did not contain required finding regarding the persuasiveness of inconsistent medical opinions, remand is appropriate.[1]

### III. CONCLUSION

Magistrate Judge Cave's Report is ADOPTED. Defendant's cross-motion for judgment on the pleadings, (ECF No. 20), is DENIED. Plaintiff's motion for judgment on the pleadings, (ECF No. 14), is GRANTED. The Commissioner's Decision denying benefits is vacated, and this matter is remanded to the SSA for further proceedings.

The Clerk of Court is directed to close the motions accordingly.

Dated: February 17, 2022
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] Magistrate Judge Cave appropriately concluded that on remand, the ALJ should reconsider its credibility determination as to Plaintiff in light of its evaluation of medical testimony. (Report at 30.)

4